IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | : | |
|---|---|---|
| SHEILA WIDEMAN, | : | |
| | : | |
| Plaintiff, | : | CASE NO. |
| v. | : | 3:11-CV-145(CAR) |
| | : | |
| BANK OF AMERICA, N.A.; MORTGAGE | : | |
| ELECTRONIC REGISTRATION SYSTEMS, | : | |
| INC.; MCCURDY & CANDLER, LLC; | : | |
| FEDERAL NATIONAL MORTGAGE | : | |
| ASSOCIATION; BANK OF NEW YORK; | : | |
| BANK OF NEW YORK COMPANY, N.A.; | : | |
| CWABS ASSET- BACKED CERTIFICATES | : | |
| TRUST 2007-1; and UNKNOWN | : | |
| DEFENDANTS 1-10, | : | |
| | : | |
| Defendants. | : | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Currently before the Court is Defendants Bank of America, N.A.; Mortgage Electronic Registration Systems, Inc.; Federal National Mortgage Association; and McCurdy & Candler, LLC's (collectively "Defendants") Motion to Dismiss [Doc. 3]. Defendants, making a special appearance, contend that Plaintiff's Complaint, containing five counts, should be dismissed in its entirety. Having considered the matter and relevant case law, the Court concludes that Plaintiff's Complaint fails to

1

state a claim upon which relief may be granted. Accordingly, Defendants' Motion to Dismiss [Doc. 3] is **GRANTED.**

## Applicable Standard

On a motion to dismiss, the Court must accept as true all well-pleaded facts in a plaintiff's complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009). To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain specific factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible where the plaintiff alleges factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports a plaintiff's claims. Bell Atlantic Corp., 550 U.S. at 556.

## Background

Plaintiff's well-pleaded allegations are as follows. On November 22, 2006, Plaintiff entered into a promissory note and mortgage contract with American

Mortgage Network, Inc.  Plaintiff simultaneously executed a Security Deed[1] which was recorded in the Walton County Superior Court.  The Security Deed listed Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for American Mortgage Network, Inc., and authorized MERS to act on its behalf.  In 2010, MERS assigned the note to BAC Home Loans Servicing LP, Defendant Bank of America's predecessor in interest by merger.

In 2009, Plaintiff defaulted on the loan.  In September 2009, Plaintiff filed a Chapter 7 bankruptcy.  She retained her home, and began contacting Defendant Bank of America in an effort to obtain a loan modification.  Despite multiple phone calls and letters, Plaintiff never received a straightforward response regarding the status of her request for a modification.  In August 2010, Plaintiff received a letter from Defendant McCurdy & Candler, LLC giving her notice of a non-judicial foreclosure scheduled for September 7, 2010.

---

[1] When deciding a motion to dismiss, a court must generally limit its consideration to the pleadings and any attached exhibits when deciding a motion to dismiss. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000).  If extraneous matters are presented and considered, the court must exclude the document or the motion is converted to a motion for summary judgment under Fed. R. Civ. P. 56.  However, a document attached to the motion to dismiss may be considered if the attached document is (1) central to the plaintiff's claim, and (2) undisputed. Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).  The only document attached to Plaintiff's Complaint is a securitization audit.  However, Defendants attached the Security Deed, foreclosure notice, and documents from the state court eviction to their Motion.  These documents are central to Plaintiff's claims, and she references them multiple times in her Complaint.  Plaintiff has not responded to the Motion to Dismiss or otherwise challenged the authenticity of the documents attached to the Defendants' Motion to Dismiss, and thus the Court will consider them in connection with the Motion.

In September 2010, Plaintiff again filed for bankruptcy to postpone the foreclosure proceeding.  Defendant Bank of America contacted her and indicated that to continue the loan modification process they would need written authorization from her bankruptcy counsel.  Believing a modification was forthcoming, Plaintiff dismissed the action in March 2011.  Again, Plaintiff repeatedly contacted Defendant Bank of America regarding a modification, and was forced to send in her application and information multiple times after being told it had been misplaced or was never received.

On June 2, 2011, Defendant McCurdy & Candler notified Plaintiff by certified mail that she was in default on her loan and made a formal demand for immediate payment of the total amount of indebtedness.  [Doc. 3, Exhibit 3].  The letter notified Plaintiff that a foreclosure sale would occur on July 5, 2011, before the courthouse door of Walton County, Georgia.  Id.  The letter included a "Notice of Sale Under Power" that was sent to The Walton Tribune for publication as required by law.  Id.

On July 5, 2011, Plaintiff's home was foreclosed on with, she asserts, no prior written notice.  The same day, Defendant Bank of America deeded the property to Defendant Federal National Mortgage Association.  Plaintiff did not vacate the property after the foreclosure sale, and Defendant Federal National Mortgage Association filed an eviction action against Plaintiff in the Magistrate Court of Walton County, Case Number 11-2486DS.  Plaintiff answered, and a hearing was held on August 22, 2011,

where both sides were given the opportunity to be heard.  The magistrate issued a writ of possession on August 28, 2011, and Plaintiff timely appealed the writ to the Superior Court of Walton County.   The Superior Court affirmed the writ, and Plaintiff appealed the matter to the Georgia Court of Appeals.  It is unclear from the record whether this appeal is still pending.

Plaintiff claims that Defendant Bank of America has been engaged in a practice of deceptive mortgage loan servicing.  Plaintiff further asserts that Defendant Bank of America was not a proper assignee of the mortgage and thus had no right to foreclose on the property.  Plaintiff's Complaint identifies the proper owner of her mortgage as Defendant CWABS Asset-Backed Certificates Trust 2007-1, a trust created by a document called a Pooling and Servicing Agreement.  Plaintiff argues that because there are no documents creating a relationship between the Trust and Defendant Bank of America, it had no right to foreclose on the Security Deed.

Based on these allegations, Plaintiff alleges violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., as well as claims for wrongful foreclosure, fraud, unjust enrichment, and breach of contract.  Plaintiff also references the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.  Plaintiff seeks a temporary restraining order, an injunction, removal of the state court eviction action,

and compensatory and punitive damages.  Plaintiff also asks this Court to set aside the July 5, 2011 foreclosure sale and reinstate title in Plaintiff.  Defendants assert Plaintiff's Complaint should be dismissed in its entirety.  Plaintiff has not responded to Defendants' Motion.

## Discussion

### A. Wrongful Foreclosure Claim[2]

To establish a claim of wrongful foreclosure, Plaintiff must show: (1) a legal duty owed to her by Defendants; (2) breach of that duty; (3) a causal connection between the breach and injury; and (4) that she sustained damages.  All Fleet Refinishing, Inc. v. West Ga. Nat'l Bank, 634 S.E.2d 802, 807 (Ga. App. 2006).  Plaintiff's only allegations regarding wrongful foreclosure are that the proceedings were "in violation of the law," and that the Defendants acted negligently, wantonly or intentionally. [Doc. 1, ¶ 79]. Plaintiff has not indicated how the foreclosure was in violation of the law.  In addition, she has failed to include any specific allegations regarding any duty owed to her by Defendants, how that duty was breached, or any causal connection between the two. As noted above, "a complaint must contain specific factual matter, accepted as true, to

---

[2] Defendants assert that Plaintiff has no standing to challenge the foreclosure because she has not cured her default.  While this would be true if Plaintiff was attempting to enjoin the foreclosure, it does not apply where the foreclosure has already occurred, and Plaintiff is attempting to challenge the procedural or substantive aspects of the sale itself.  Mickel v. Pickett, 247 S.E.2d 82 (Ga. 1978); Nicholson v. OneWest Bank, No. 1:19-cv-0795, 2010 WL 2732325 (N.D. Ga. Apr. 20, 2010).

6

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, ---, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  Plaintiff has not stated facts sufficient to support a claim for wrongful disclosure, and this claim must be dismissed.

Although Plaintiff does not include any specific factual allegations in the wrongful foreclosure section of her Complaint, she states elsewhere that she did not receive notice of the foreclosure.  If Plaintiff intended to base her wrongful foreclosure claim on this alleged failure of notice, it must fail.  Defendants have included the notice sent to Plaintiff prior to the foreclosure sale, and the notice meets all of the statutory requirements: it was sent more than 30 days before the date of foreclosure; it was in writing and included the information of the entity with the authority to negotiate, amend, and modify all terms of the mortgage; it included a copy of the Notice of Sale; and it was sent by certified mail to Plaintiff.  [Doc. 3, Ex. 3]; see O.C.G.A. § 44-14-162.2.  Thus, to the extent Plaintiff attempts to base her wrongful foreclosure claim on an alleged lack of notice, the claim must fail.

   B. **FDCPA Claim**

To prevail on a FDCPA claim, a plaintiff must show that: "(1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the Act; and (3) the defendant has

engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Frazier v. Absolute Collection Serv., Inc., 767 F. Supp. 2d 1354, 1363 (N.D. Ga. 2011).  Plaintiff's allegations regarding the FDCPA are, like the remainder of the allegations in her Complaint, woefully sparse.  Plaintiff simply alleges that Defendant McCurdy & Candler is a "debt collector" within the meaning of the FDCPA, and that the law firm violated the FDCPA by attempting to foreclose on the property of Plaintiff. She does not reference any particular provision of the FDCPA, and she neglects to include any factual support for her allegations against the law firm.

The only section of the FDCPA which could be applicable to Plaintiff's claims is 15 U.S.C. § 1692f(6).[3]  Under this provision, the term "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." Id. This provision prohibits a collector from "taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security

---

[3] Foreclosing on a security interest is not generally considered a debt collection activity under the FDCPA. Warren v. Countrywide Home Loans, Inc., 342 Fed. Appx. 458, 460 (11th Cir. 2009); Williams v. McCalla Raymer, LLC, No. 1:11-CV-3664-RWS, 2011 WL 6019782 (N.D. Ga. Dec. 1, 2011); Acosta v. Campbell, No. 6:04CV761ORL28DAB, 2006 WL 3804729, at *4 (M.D. Fla. Dec. 22, 2006) ("Nearly every court that has addressed the question has held that foreclosing on a mortgage is not debt collection activity for the purposes of the FDCPA.") (citation omitted).  Thus, the general provisions of the FDCPA governing debt collectors would be inapplicable to McCurdy & Candler, who were acting at the direction of the loan servicing company.

interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6).  Plaintiff asserts that the foreclosure was unlawful, but she makes no specific allegations that McCurdy & Candler violated § 1692f(6).  Further, she admits that there was a recorded Security Deed, thus admitting that there was an enforceable security interest, and she admits that she defaulted on the loan.  [Doc. 1, ¶¶ 13, 31-33].  Therefore, Plaintiff has not stated a viable claim under § 1692f(6), and this claim must be dismissed.

### C. Fraud Claims

Fraud has five elements: "a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff and damage to plaintiff." Thompson v. Floyd, 713 S.E.2d 883, 891 (Ga. App. 2011).  When alleging fraud, a plaintiff "must state with particularity the circumstances constituting fraud or mistake."  Fed. R. Civ. P. 9(b).  The Eleventh Circuit has interpreted this to require a plaintiff to allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiff[ ]; and (4) what the defendants gained by the alleged fraud." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1291 (11th Cir. 2010) (citation omitted).

Plaintiff claims Defendants committed fraud in their misrepresentations regarding payments, their refusal to offer Plaintiff a modification, and their filing of "[f]alse documents and assignments" in state court. These conclusory allegations do not meet the heightened pleading requirement for fraud, and Plaintiff's fraud claim fails as a matter of law.

### D. Unjust Enrichment Claim

Plaintiff also asserts that Defendants have been unjustly enriched by unlawfully foreclosing on Plaintiff's home and retaining the benefit and value of the property which is not rightfully theirs. Generally, the theory of unjust enrichment "applies when there is no legal contract and when there has been a benefit conferred which would result in an unjust enrichment unless compensated." Tidikis v. Network for Med. Commc'n & Research, LLC, 619 S.E.2d 481, 485 (Ga. App. 2005). See also Fulton County v. Southern Hope Humane Soc'y, 691 S.E.2d 393, 395 (Ga. App. 2010) (unjust enrichment is an equitable claim that arises only where there is no express contract). Thus, under Georgia law, a valid, express contract precludes a claim for unjust enrichment. Donchi, Inc. v. Robdol, LLC, 640 S.E.2d 719, 724 (Ga. App. 2007).

Plaintiff has failed to state a viable claim for unjust enrichment. Although she asserts Defendant Bank of America was a stranger to the mortgage and thus had no authority to foreclose on the mortgage, she does not challenge the validity of the loan

agreement itself. Plaintiff asserts in this count that Defendants did not hold a mortgage or security interest, but she admits elsewhere that there was a valid and recorded security deed. [Doc. 1, ¶ 13]. The valid Security Deed controls in this case and Plaintiff may not assert a claim for unjust enrichment. Thus, this claim also fails.

### E. Breach of Contract Claim

Under Georgia law, a party asserting breach of contract has the burden of pleading and proving (1) the subject matter of the contract, (2) consideration, and (3) mutual assent by the parties to all of the contract terms. O.C.G.A. § 13-3-1. Once the party establishes that a valid contract existed, "the elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." Duke Galish, LLC v. Manton, 707 S.E.2d 555, 559 (Ga. App. 2011) (citation omitted). A plaintiff asserting breach of contract must point to a particular provision that the defendant violated to survive a motion to dismiss. Am. Casual Dining, L.P. v. Moe's Southwest Grill, LLC, 426 F. Supp. 2d 1356, 1370 (N.D. Ga. 2006) (citing Adkins v. Cagle Foods JV, LLC, 411 F.3d 1320, 1327 (11th Cir. 2005)).

Plaintiff alleges only that Defendants breached the contract by improperly transferring and assigning the loan. Plaintiff fails to include any specific allegations regarding the transfer and assignment, and Defendants point to the loan agreement

11

itself, which provides that "[t]he Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to [Plaintiff]" [Doc. 3, Exhibit 1, ¶20]. Thus, Plaintiff's bare allegations are not supported by the record, and she has failed to state a viable claim for breach of contract. This claim must be dismissed.

### F. TILA and RESPA Claims

Plaintiff makes only passing reference to these two statutes in her Complaint, simply stating that at the time of execution, the loan was "in violation of TILA and RESPA requirements." [Doc. 1, ¶ 102]. Plaintiff references no specific provisions, nor does she provide any factual allegations in support of this statement. Thus, she has failed to state a viable claim under either statute. Further, any claim Plaintiff would have under TILA or RESPA would be barred by the applicable statutes of limitation. 12 U.S.C. § 2614 (one year statute of limitations for RESPA claims); 15 U.S.C. § 1640(e) (one year statute of limitations for TILA damages claims). Plaintiff entered into the mortgage contract in November 2006, and any claim under TILA or RESPA would have arisen at the time of closing, and thus would have been time-barred as of November 2007.[4] Plaintiff's conclusory allegations regarding these statutes fail to meet the well-

---

[4] RESPA also provides for a cause of action for a mortgage servicer's failure to respond to a "qualified written request" under 12 U.S.C. § 2605(b). This section provides for a three year statute of limitations. However, Plaintiff has not alleged that Defendants violated this provision.

12

pleaded complaint standard, and to the extent she attempts to make claims under TILA and RESPA, they are barred by the respective statutes of limitations. Thus, these claims are **DISMISSED.**

### G. Temporary Restraining Order and Injunctive Relief

Plaintiff seeks an injunction, a temporary restraining order, and asks this Court to remove the eviction action.[5] "A preliminary injunction is an extraordinary and drastic remedy." Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (citation omitted). To obtain an injunction a party must establish four elements: "(1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest." Id. An injunction should not be granted "unless the movant clearly established the burden of persuasion as to all four elements." Nitro Leisure Prod., LLC v. Acushnet Co., 341 F.3d 1356, 1359 (11th Cir. 2003) (citation omitted). Here, Plaintiff has failed to allege any viable claims, and thus cannot show a likelihood of success on the merits. She has not met any of the four requirements for obtaining injunctive relief, and her request must be denied.

---

[5] The Court notes that the property was sold at foreclosure in July 2011, and that Plaintiff may have already been evicted from the premises.

13

Further, Plaintiff's request for this Court to enjoin the ongoing dispossessory action is barred by the Anti-Injunction Act, 28 U.S.C. § 2283. The Anti-Injunction Act provides that a federal court may not enjoin proceedings in state court unless it falls within one of three exceptions: (1) the injunction is expressly authorized by Act of Congress, (2) the injunction is "necessary in aid of [the court's] jurisdiction," or (3) the injunction is necessary "to protect and effectuate [the court's] judgments." Id. This is an "absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of the three specifically defined exceptions." Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers, 398 U.S. 281, 286 (1970).

None of the three exceptions apply here, and therefore the Anti-Injunction Act bars the injunctive relief Plaintiff requests. See Boross v. Liberty Life Ins. Co., No. 4:10-cv-144, 2011 WL 2945819 (S.D. Ga. Jul. 21, 2011) (holding Anti-Injunction Act barred plaintiff's request to enjoin eviction proceeding in state magistrate court); First Fed. Sav. & Loan Ass'n of Warner Robins v. Ohio Valley Loan Ass'n of Steubenville, Ohio, 666 F. Supp. 215 (M.D. Ga. 1987) (no exception to Anti-Injunction Act applied to give court jurisdiction to enjoin state foreclosure proceedings); Lawrence v. JP Morgan Chase Bank, No. 10-81631-CIV, 2011 WL 2039097 (S.D. Fla. May 25, 2011) (Anti-Injunction Act barred plaintiff's request for action declaring defendant had no legal right to foreclose); Bradley v. Fed. Nat'l Mortgage Ass'n, No. 1:11-CV-3242-TWT-CCH, 2011 WL 5320746

14

(N.D. Ga. Sept. 28, 2011) (pursuant to Anti-Injunction Act, court had no jurisdiction to enjoin state court eviction action).

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss [Doc. 3] is hereby **GRANTED** and Plaintiff's Complaint is **DISMISSED.**

SO ORDERED, this 23rd day of December, 2011.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

AES/ssh